UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASHARA MERRIWEATHER,

        Petitioner,

v.           CASE NO. 2:06-cv-12657
        HONORABLE MARIANNE O. BATTANI

GERALD HOFBAUER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Bashara Merriweather has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition attacks Petitioner's 1990 state convictions for assault with intent to rob while armed, assault with intent to commit murder, breaking and entering an occupied dwelling with intent to commit larceny or criminal sexual conduct, and two counts of first-degree criminal sexual conduct. Petitioner purports to be actually innocent of these crimes, and he wants a DNA test to prove his innocence.

Although Petitioner is seeking injunctive relief in the form of DNA testing, he also is challenging his convictions. He alleges, for example, that his sentence exceeds the statutory maximum and that improper evidence (a fingerprint) was introduced at his trial. In addition, Petitioner is attempting to demonstrate that he is actually innocent of the crimes for which he is incarcerated, and he has labeled his pleading a "successive petition."

To the extent that Petitioner's pleading is a second or successive petition, the Court has no jurisdiction to entertain it, absent permission from the Court of Appeals. An individual

seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner challenged the same convictions in a federal habeas corpus petition filed in 2001. United States District Judge John Corbett O'Meara dismissed that petition for failure to comply with the statute of limitations. *See Merriweather v. Withrow*, No. 01-74992 (E.D. Mich. Aug. 27, 2002).

Petitioner has not alleged that he received permission from the Court of Appeals to file a second or successive habeas petition challenging the same convictions. Furthermore, the Court has conducted an electronic search of appellate court records and found no request by Petitioner for leave to file a second or successive habeas petition. Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. §

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

1631.

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

Dated: July 7, 2006

## CERTIFICATE OF SERVICE

Copies of this ordered were mailed to the following on this date:

Bashara Merriweather #209190
Marquette Branch Prison
1960 U.S. 41 South
Marquette, MI. 49855